UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REGINALD A. ROBERTS | : | CIVIL ACTION |
| | : | |
| PLAINTIFF | : | |
| V. | : | NO. 09-4895 |
| | : | |
| RISA VETRI FERMAN, | : | |
| MONTGOMERY COUNTY, JAMES MATTHEWS, | : | |
| JOSEPH HOEFFEL AND BRUCE L. CASTOR JR., | : | (JURY TRIAL DEMANDED) |
| OSCAR P. VANCE JR., SAMUEL GALLEN, | : | |
| STEPHEN FORZATO, EDMUND JUSTICE, | : | |
| MARK BERNSTIEL, CAROLYN T. CARLUCCIO | : | |
| AND TONI LUTER | : | |
| *Sued Individually held liable joint and severally* | : | |
| DEFENDANTS | | |

## FIRST AMENDED COMPLAINT

Plaintiff, Reginald A. Roberts, by and through his attorney, Brian M. Puricelli, hereby files his Complaint for retaliation, pursuant to Title VII of the 1964 Civil Rights Act, 42 U.S.C § 1983 (First Amendment), 42 U.S.C. § 2000(e) <u>et. seq.</u>, and the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq.

## PARTIES

1. Plaintiff Reginald A. Roberts is an adult citizen of the United States of America, and a resident of the Commonwealth of Pennsylvania, residing in Berks County, Pennsylvania.

2. The Defendants herein are: Risa Vetri Ferman, James R. Matthews, Joseph M. Hoeffel, Bruce L. Castor Jr., Oscar P. Vance Jr., Samuel Gallen, Edmund Justice, Carolyn T. Carluccio, Mark Bernstiel, Toni Luter, and Stephen Forzato, each is an adult citizen of the United States of America and a resident of Montgomery County, Commonwealth of Pennsylvania.

3. Defendant Montgomery County a duly organized municipality and governmental entity, located within the Montgomery County, Commonwealth of Pennsylvania.

1

## JURISDICTION

4. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 (federal question); 28 U.S.C § 1343 (civil rights) and 42 U.S.C. 1983 et seq., Civil Rights Act of 1964 and its amendments. Plaintiff invokes the Court's supplemental jurisdiction over his claim under the Pennsylvania Human Relations Act.

5. Plaintiff has satisfied all necessary and appropriate administrative prerequisites (See attachment Marked Exhibit "A") and this action is commenced within 90 days of the date the right to sue letter was issued.

## FACTS GIVING RISE TO CAUSES OF ACTION

6. Plaintiff incorporates herein the previous averments as if fully set forth in this paragraph.

7. Plaintiff Reginald A. Roberts is an Afro-American male over forty who spoke as a citizen on pubic maters concerning employment discriminating and improper conduct by Montgomery County, members of the Montgomery County District Attorneys Office and its County Detectives .

8. Plaintiff he has been employed by the Defendant Montgomery County as a County Detective since March 15, 1999. Plaintiff Roberts had an exemplary record of public service to the residents of Montgomery County and the Commonwealth of Pennsylvania; he regularly enjoyed above-average Performance Evaluations as a County Detective. Prior to the events described herein Roberts was entrusted with the responsibilities and duties commensurate with his position.

9. On or about September 2001 Roberts opposed race discrimination; in that he reported Lieutenant Stanley Kadelski for making racial slurs about him. Specifically, the references made referred to Roberts as: "Pepper and the African."

10. Commencing on or about March 2003 to date Roberts suffered continual retaliation, discrimination and humiliation[1] that includes but is not limited to surreptitious retaliation, such as:

(a) having 2 Vacation Days suspended by Chief Vance and Deputy Chief Edmund Justice after opposing the racial slurring.

(b) having vacation time taken away as a result of the aforementioned opposition to a racial slur and demand of action by the employer;

(c) being ordered by Chief County Detective Oscar P. Vance Jr. and Former Deputy Chief Detective Edmund Justice to hand-write a four (4) page report about the racial slur,

(d) several weeks after reporting the racial slur by Detective Stephen Forzato in February of 2003 being ordered to write the complaint out by hand.

(e) Chief Vance and Deputy Chief Justice placed the Plaintiff in an unoccupied office, gave him a legal pad, ink pens and ordered him to write the report, when such was never done to a white male or other employee.

(f) Plaintiff was intentionally exposed and continued to be exposed to a unhealthy and physically dangerous work environment by airborne pollutants, viz, mold spores, mold growth and fungus, which grew on and within the walls of his assigned work environment, and they refused to remedy the condition, remove plaintiff, and required him to continuing working in the environment to the detriment of his health, viz, he know had tuberculosis and chronic bronchitis, which desires now interferes with his enjoyment of life and society.

(g) the Defendants denied or caused to be denied entitled benefits for the black lung work related injury, and denied even a hearing on the claim for the denial of entitled wages and health care

---

[1] Plaintiff knows there is a two year statute of limitation for liability under Sec. 1983 from the date the complaint is filed in court. Equally Plaintiff knows there is a 300 day limitation period for the employment discrimination date that begin from the date of the agency charge. Events occurring outside the limitations period are background or where allowed or establish a theory if liability under the continuing violation theory as opposed to discrete acts. Plaintiff is equally aware punitive damages can not be obtained against the municipal county defendant.

benefits, which denials remain to date and despite Plaintiff's repeated demands for the benefits and a hearing.

(h) Defendants would only grant a hearing on the work related Black Lung Workers compensation Act, and Heart and Lung, statutory benefits if the Plaintiff agreed to dropped all charges and suit intentions for the employment discrimination and civil rights deprivation claim.

11. In 2002 through December 2007, the Plaintiff reported and repeatedly complained of the unhealthy work environment, which the Defendant documented but failed to address or take remedial action until after Plaintiff Roberts was out of work beginning December 21, 2007. During this time period Plaintiff Roberts was out of work, on medical disability, but subsequently learned that his illness was caused by atmospheric pollutants, mold growth and mold spores that were on and within the walls of the Plaintiff's immediate work environment.

12. In January of 2007, Detective Stephen Forzato was promoted to Lieutenant and became Plaintiff Roberts' immediate Supervisor. Forzato commenced a campaign of harassment, race based discrimination, employment discrimination, and retaliation against Plaintiff. The discriminatory treatment includes, but is not limited to, the following which began on or about November 20, 2007: unjustified written reprimands, discriminatory performance measures, email messages documenting the Plaintiff's daily work activities, personal verbal attacks, and repeated failure to address the poor and unhealthy work environment of the Plaintiff.

13. On December 18, 2007, Plaintiff Roberts reported to the Defendants, which included the defendant County Commissioner and defendant Human Resources defendants, and Plaintiff filed a charge of employment discrimination with the Pennsylvania Human Relations Commissions (crossed filed with the Equal Employment opportunity commission) that detailed the discriminatory treatment he endured from Lieutenant Forzato. Plaintiff reported his complaint as the acts occurred to Chief Oscar P. Vance Jr. and Deputy Chief Samuel Gallen.

14. As a result of Plaintiff's complaints of discrimination the employer and supervisors Chief Vance and Deputy Chief Samuel Gallen failed to take prompted and appropriate action to end Lieutenant Forzato's discriminatory conduct against Plaintiff, which was making Plaintiff unable to perform his work satisfactorily.

15. On or about January 2008 Plaintiff Roberts learned he was suffering from respiratory illnesses (including tuberculosis) which injuries were caused by the airborne pollutants and fungus growing on and within the walls of his County Detective Office. Plaintiff sought statutory entitled Heart & Lung Act benefits for the medical treatment and care of the fungus exposure and wage loss that resulted from the work environment air bourn pollutants, viz mold and fungus.

16. Plaintiff Roberts filed an Application for Heart & Lung Act benefits, as permitted under law for such injuries and benefits, however, the Defendants; Interim Montgomery County Human Resources Director Carolyn T. Carluccio, Montgomery County Administrator of Benefits Toni Luter and Chief Oscar P. Vance Jr. of the District Attorney's Office have denied Heart & Lung Benefits to Plaintiff Roberts and have denied even a hearing on the issue of benefit entitlement.

17. Plaintiff Roberts pursuant to the Heart & Lung Act is statutorily entitled to such benefits by reason of his employment as a County Detective/Police officer. Plaintiff, despite such statutorily entitled right to the benefits and despite multiple requested for a Local Agency Hearing, has been denied such benefits and hearing by Defendants Montgomery County Commissioners James Matthews, Joseph Hoeffel, Bruce L. Castor Jr. and Interim Human Resources Director Carolyn T. Carluccio.

18. Plaintiff Roberts has attempted to resolve the Heart & Lung matter through arbitration under the Montgomery County Detectives Collective Bargaining Unit Agreement. The Defendants declined to resolve the matter through arbitration. To this date, Plaintiff Roberts has not been provided with Heart & Lung benefits, or a Local Agency Hearing to obtain such benefits and the

Defendants assert they will only "expedite" a hearing process for the benefits if Plaintiff ends and drops all agency complaints on the employment discriminations and does not sue.

19. On or about April 16, 2008 the Plaintiff observed racially offensive materials openly displayed on the refrigerator in the break room used by employees of the Montgomery County District Attorney's Narcotics Enforcement Team, such as a photographs depicted a racially offensive magnetic placard of a Black Male subject, and a racially and sexually offensive photograph of Black females.

20. Plaintiff Roberts photographed the racially and sexually offensive materials and reported the offensive materials; he submitted a detailed complaint to his superiors, which included Defendant Risa Vetri Ferman and the following Montgomery County Officials: Chief County Detective Oscar P. Vance Jr., Human Resources Director Peter T. Leis, Solicitor Barry Miller, Commissioners James R. Matthews and Joseph M. Hoeffel.

21. The Defendants failed to take prompt and/or appropriate action to end the offense conduct; rather, they charged Plaintiff with employment rule violations and discharged the plaintiff for making the report and collecting evidence to substantiate the charge of employment and race based discrimination. For example, following Plaintiff Robert's return to duty from the respiratory illnesses, on April 28, 2008, he was unwillingly reassigned by a forced transfer from Chief Oscar P. Vance Jr. to the Special Investigation Unit. Plaintiff was also not provided the same befits and opportunity enjoyed by other employees under the Collective Bargaining Agreement., such as a "start time" for work that is allowed under the Collective Bargaining Agreement terms and

22. As a result of the forced transfer and denial of the requested "start time" of 7:00 a.m. and 7:30 a.m., Plaintiff Roberts opposed the retaliatory and discriminatory acts, and made a complaint to Chief Oscar P. Vance Jr. and Special Investigations Unit Supervisor; Lieutenant Mark Bernstiel. Chief Vance and Lieutenant Bernstiel both acquiesced to the conduct and also denied the

Plaintiff's rights under the Collective Bargaining Agreement terms; they thus failed to take prompt and appropriate action to end the discriminatory actions.

23. On or about May 14, 2008 Plaintiff filed charges of race discrimination and retaliation with the Pennsylvania Human Relations Commission (PHRC). The charges were cross filed with the United States Equal Employment Opportunity Commission (EEOC).

24. On or about June 10, 2008 the Defendants; Montgomery County Commissioners James R. Matthews, Joseph M. Hoeffel and Bruce Castor Jr. were served with the Plaintiff's Pennsylvania Human Relations Commission Complaint.

25. The Commissioners failed to address Plaintiff Roberts' complaint, failed to take prompt and appropriate action to stop the employment and race based discrimination, and they chose adopt it, acquires to it and ratify it by not seeking an external agency to conduct an investigation and forwarded Plaintiff Roberts' PHRC Complaint to District Attorney Ferman to investigate.

26. Plaintiff Roberts made a PHRC Charge of employment discrimination and retaliation; he submitted a copy of the PHRC issued charged to the Montgomery County Commissioners. Thereafter, and as a result, Plaintiff Roberts was immediately subjected to intensified acts of discrimination, retaliation for filing a PHRC Complaint against Montgomery County, which retaliation included being terminated by Defendants County, Commissioners, and District Attorney Ferman.

27. Further, the acts of intensified retaliation and discrimination include, but are not limited to, Plaintiff Roberts being: denied multiple overtime assignments, subjected to insulting comments and questions made my Lieutenant Mark Bernstiel regarding Plaintiff's medical disability and personal medical information, subjecting Plaintiff Roberts to an adversarial interrogation related to the PHRC Complaint that related to the racially offensive placards of a Black Male subject and the sexually offensive photograph of 5 Black Females.

7

28. The interrogation of Plaintiff Roberts was conducted by Chief Oscar P. Vance Jr. and Deputy Chief Samuel L. Gallen upon the direct orders of Defendant Risa Vetri Ferman. At all times, the interrogation was threatening, humiliating, insulting, and was retaliation for filing the PHRC Complaint against the Montgomery County District Attorney's Office.

29. Furthermore, following the interrogation of Plaintiff Roberts, Defendant Ferman takes action against him. Here, by a letter dated June 30, 2008, she records that she has initiated an internal investigation against Plaintiff Roberts.

30. Ferman subjects the Plaintiff to a retaliatory investigation because he made the charge of employment discrimination and because reported that the magnetic car door sign and photo were improperly displayed and removed from the evidence room in violation of law by members of the District attorney's office. Viz, these items were "from the evinced room" and part of criminal actions/cases. The items should never have been displayed on a refrigerator door in the break-room, no matter what the reason they were there, because the chain of evidence for these items is now broken and the criminal cases and prosecutions adversely affected, one case being a major drug prosecution. The accused and court in that major drug prosecution case were not told of the break in the chain for the evidence, thus the Brady rights of the accused denied. Despite such, Ferman does nothing to address the misconduct by the other members of her office, or the employment discrimination; rather she terminated the Plaintiff a day after his fact finding hearing on his employment discrimination charge.

31. Ferman in her letter disclosing the investigation she is conducting against Plaintiff references in the very first paragraph the Plaintiff's June 2008 complaint of illegal employment discrimination about the ". . . racially inappropriate material being posted within the Detective Bureau's Narcotics Enforcement Team Office" the reason for the investigation.

32. On or about August 7, 2008 a Fact Finding Conference with the Pennsylvania Human Relation's Commission was held on the Plaintiff's first employment discrimination/retaliation charge. Present for the conference was Chief County Detective Oscar P. Vance Jr., Lieutenants Stephen Forzato and Stanley Kadelski. Plaintiff Roberts, along with Defendants Chief Oscar P. Vance Jr. and Lieutenant Forzato provided testimony during the proceeding. The day after the PAHRC Fact-Finding conference, on August 8, 2008, Defendant Ferman terminated Plaintiff's employment.

33. Plaintiff Roberts' termination is motivated by his opposition to employment discrimination and misconduct by members of the District attorney's office, which includes County detectives, and/or the May 14, 2008 PHRC complaint.

34. As a result of the acts, actions, omissions, policies and practices of the Defendants, which have bee cited above, and others not cited, the Plaintiff has suffered economic losses and personal injury, such as; but not limited to pain and suffering, mental anguish, embarrassment, humiliation and emotional distress.

35. The Defendants' acts were done under color of state law, they were done to deprive Plaintiff of federally secured rights, they were intentional and contrary to clearly establish law, and they were malicious and/or done in reckless disregard for or in deliberate indifference to the Plaintiff's federal secured rights or those state rights protected by federal law.

36. Montgomery County employs in excess of 500 employees.

COUNT I
Title VII Race Discrimination and Retaliation

37. Plaintiff incorporates by reference paragraphs 1 - 36 above as if there were fully set forth in this paragraph.

38. Defendant Montgomery County is an employer, and it was for all times related to this action the employer to the plaintiff, who s a member of a protected class, viz Afro-American employee/person and person who opposed employment discrimination by making a complaint to the

employer and its supervisors of racial based and offensive materials being displayed on a District Attorney break-room refrigerator door and treating employees differently in terms an conditions of employment because of race..

39. Montgomery County in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e et seq., denied Plaintiff equal employment opportunities because of race, and it retaliated against Plaintiff because of his opposition to racially based employment discrimination.

40. Defendant's retaliatory pattern continued from 2001 to the present. Plaintiff also asserts liability under a "paw" theory.

WHEREFORE, Plaintiff prays for the following relief:

a) back pay and benefits;

b) an order requiring Defendant to promote the Plaintiff to his prior position as a County Detective;

c) an award of compensatory damages;

d) an award of punitive damages;

e) an award of attorney's fees and costs; and

f) such other relief as the court deems appropriate.

### COUNT II
### 42 USC § 1983: Retaliation for First Amendment
### Free speech and Petition Clause Protected Activities

41. Plaintiff incorporates by reference the preceding paragraphs herein and as if repeated verbatim.

42. Defendant Risa Vetri Ferman, James R. Matthews, Joseph M. Hoeffel, Bruce L. Castor Jr., Oscar P. Vance Jr., Samuel Gallen, Edmund Justice, Carolyn T. Carluccio Toni Luter, Mark Bernstiel and Stephen Forzato**,** in violation of 42 USC § 1983 and while acting under color of state law retaliated against Plaintiff because of his first amendment activities, viz file for heart and

lung benefits, file employment discrimination charges, and testify at a Fact Finding Conference before the Pennsylvania Human Relations Commission.

43. Defendants Risa Vetri Ferman, Chief Oscar P. Vance Jr., County Commissioners James R. Matthews, Joseph M. Hoeffel and Bruce L. Castor Jr., Interim Human Resources Director Carolyn T. Carluccio, Montgomery County Administrator of Benefits Toni Luter, Deputy Chief Samuel Gallen, Former Deputy Chief Edmund Justice, Lieutenant Stephen Forzato and Lieutenant Mark Bernstiel subjected Plaintiff to adverse action that included, but is not limited to denying Heart & Lung benefits, denying a process to obtain Heart & Lung benefits or other statutory health care and wage loss benefits, causing him to work in a dangerous work environment, and terminating him; a forced transfer and Montgomery County Detectives Collective Bargaining Unit Agreement right to challenge the transfer and start time for employees.

44. The substantial or motivating reason for the adverse action is the Plaintiff protected activities.

45. As a result of Defendant Risa Vetri Ferman, James R. Matthews, Joseph M. Hoeffel, Bruce L. Castor Jr., Oscar P. Vance Jr., Samuel Gallen, Edmund Justice, Carolyn T. Carluccio, Toni Luter, Mark Bernstiel, and Stephen Forzato's retaliation, Plaintiff suffered lost earnings and benefits, physical and emotional pain and suffering, inconvenience, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for the following relief:

    a)     back pay and benefits;

    b)     an order requiring Defendant to promote the Plaintiff to his prior position as a Detective;

    c)     an award of compensatory damages;

    d)     an award of attorney's fees and costs; and

    e)     such other relief as the court deems appropriate.

## COUNT III
## 42 U.S.C. 1983 - Monell

46. Plaintiff incorporates by reference the preceding paragraphs herein and as if repeated verbatim.

47. The retaliation, discrimination against the Plaintiff and denial of equal rights to state statutorily entitled benefits and due process by the defendants was pursuant to an official policy and/or custom of Montgomery County and/or its Office of District Attorney, which policy is to: (a) fail to adeqately train and supervise in race discrimination, retaliation, in employment discrimination laws and/or to acquiesce and/or condone or ratify to retaliate against those who engage in constitutionally protected activities and/or who are subjected to discrimination because of race.

48. As a result of Defendant Montgomery County's retaliation, Plaintiff suffered lost earnings and benefits, physical and emotional pain and suffering, inconvenience, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for the following relief:

    a)     back pay and benefits;

    b)     an order requiring Defendant to promote the Plaintiff to his prior position as a Detective;

    c)     an award of compensatory damages;

    d)     an award of attorney's fees and costs; and

    e)     such other relief as the court deems appropriate.

## COUNT IV
## 42 U.S.C. 1983 - Fourteenth Amendment

49. Plaintiff incorporates by reference the preceding paragraphs herein and as if repeated verbatim.

50. Defendants Risa Vetri Ferman, James R. Matthews, Joseph M. Hoeffel, Bruce L. Castor Jr., Oscar P. Vance Jr., Samuel Gallen, Edmund Justice, Carolyn T. Carluccio, Toni Luter,

Stephen Forzato and Mark Bernstiel denied the Plaintiff of statutory entitled Heart & Lung benefits because of his race, and Ferman denied Plaintiff of the property interest in the benefit without valid or adequate due process.

51. Defendants Risa Vetri Ferman, James R. Matthews, Joseph M. Hoeffel, Bruce L. Castor Jr., Oscar P. Vance Jr., Samuel Gallen, Edmund Justice, Carolyn T. Carluccio, Toni Luter, Stephen Forzato and Mark Bernstiel because of Plaintiff's race, denied the Plaintiff of equal protection of law to employment and statutory benefits, and Defendant Ferman, Members of the Montgomery County District Attorney's Office and other Montgomery County Officials treated Plaintiff differently than similarly situated non-African-American employees of Montgomery County.

COUNT V
Pennsylvania Human Relations Act - 43 P.S. § 951 et seq.
Discrimination - Retaliation- Aider & Abettor

52. Plaintiff incorporates the preceding paragraphs herein and as if repeated verbatim.

53. Defendant Montgomery County though its supervisory employees Risa Vetri Ferman, James R. Matthews, Joseph M. Hoeffel, Bruce L. Castor Jr., Oscar P. Vance Jr., Samuel Gallen, Edmund Justice, Carolyn T. Carluccio, Toni Luter, Mark Bernstiel and Stephen Forzato discriminated against the Plaintiff because of his race, viz Afro-American, and it subjected Plaintiff to adverse employment retaliate in violated the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq.

54. The County of Montgomery has a policy to discriminate in employment and employment opportunities, and to retaliate against those who engage in activities protected under the Pennsylvania Human relations Act.

55. As District Attorney, Ferman is the highest supervisor in the Office of the Montgomery County District Attorney, and Risa Vetri Ferman, James R. Matthews, Joseph M. Hoeffel, Bruce L. Castor Jr., Oscar P. Vance Jr., Samuel Gallen, Edmund Justice, Carolyn T.

Carluccio, Toni Luter, Mark Bernstiel and Stephen Forzato are all supervisor personnel for the employer Montgomery County. Each supervisory is an aider and abettor to Montgomery County's (employer) policies to discriminate in employment, employment opportunities, and to retaliate for engaging in protected activities.

    WHEREFORE, Plaintiff prays for the following relief:

    a)    back pay and benefits;

    b)    an order requiring Defendant to promote the Plaintiff to his prior position as a Detective;

    c)    an award of compensatory damages;

    d)    an award of attorney's fees and costs; and

    e)    such other relief as the court deems appropriate.

Date: 01/01/2010

    Respectfully submitted,

    By: _____ s/ BMP3198
    BRIAN M. PURICELLI
    691 Washington Crossing Road
    Newtown, PA 18940
    215-504-8115   Fax: 215-504-8116
    Email: puricellib@comcast.net
    Counsel for Plaintiff Roberts

CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing document has this 1st day of January, 2010, been caused to be filed electronically and is available for viewing and downloading on the ECF System: Served with the document by ECF and United states Postal System was/were:

> Joseph Santarone Jr., Esquire
> Christopher Boyle, Esquire
> 620 Freedom Business Center, Suite 300
> King of Prussia, PA 19406
> cpboyle@mdweg.com
> Attorneys for the Defendants

ECF SIGNATURE    BMP3198 /s/
*Brian M. Puricelli*
Brian M. Puricelli
Attorneys for Plaintiff