UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REGINALD A. ROBERTS | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 09-4895 |
| | : | |
| RISA VETRI FERMAN, et al | : | |

PLAINTIFF'S MEMORANDUM OF LAW SUPPORTING THE
MOTION FOR PARTIAL SUMMARY JUDGEMENT;
JUDGMENT ON THE PLEADINGS AND FOR INJUNCTIVE RELIEF

I.   INTRODUCTION

Before the Court is an action against several Defendants; one of which is Montgomery County. Plaintiff seeks relief under several theories. Plaintiff now moves the Court for injunctive relief and an order that compels the County of Montgomery to participate in Arbitration over disputes covered under a Collective Bargaining Agreement in which the County of Montgomery is a party and the Plaintiff a third party beneficiary under the agreement,

II.   STATEMENT OF UNDISPUTED FACTS

1.   Reginald A Roberts (hereafter Plaintiff) on March 15, 1999 though August 8 2008 was a law enforcement officer in Montgomery County and acted as a County Detective. Exhibit 1, 9, and 11.

2.   Plaintiff made a claim for Heart and Lung benefits with the Montgomery County Human Resources Officer, Tone Luter, Administrator of Benefits. Exhibit 2, 11 and 12.

3.   Plaintiff's claim for Heart and Lung benefits was based on a belief he contracted an occupational disease (Acute Bronchitis and Tuberculosis) from mold growing in the office he

1

worked in, and thus he contracted the disease in the performance of his duties as a county detective. Exhibit 3 and 10.

  4. Under Pennsylvania law a county law enforcement officer is entitled to wage loss and medical care expenses under the Heart and Lung Act (53 C.S. § 637 et seq.) when the wage loss and/or medical care expense is for an injury that arises in the performance of the county law enforcement officer's duties. Exhibit 4 (statutory law).

  5. Heart and Lung benefits were not paid by the County of Montgomery to the Plaintiff on the 2007/2008 Heart and Lung claim.  Exhibit 5, 9, 11, and 12

  6. Plaintiff was terminated from his employment with the County of Montgomery on August 8, 2008. The Employer's termination notice did not assert any basis for the termination. Exhibit 1, 6, 9, 10, and 11

  7. When the Plaintiff made the claim for Heart and Lung benefits, and was terminated, he was a member of a union and covered under a Collective Bargaining Agreement. Exhibits 7, 8, and 9.

  8. The Collective Bargaining Agreement, Section  (g)  and 18, provides that (g) Heart and Lung Act. It is agreed between the parties that Detectives qualify as law enforcement officers under the Heart and Lung Act of Pennsylvania. . . . in the event of a temporary disability as a result of an on-duty occurrence or event, Detectives shall be entitled to full rate of pay, without deduction, . . .". 18 Grievances and Arbitration Procedure. A grievance shall be defined as any dispute involving the application or interpretation of the Agreement or in matters of discipline. . . .".   Exhibits 7 and 8. 2004-2006 and 2007-2009 Agreements.

9.     Plaintiff requested a hearing on the Heart and Lung claim and Arbitration for his termination; however, the County of Montgomery did not conduct a fact-finding hearing, and it "declined" to participate in arbitration. Exhibits 10, 11, and 12.

III.    STANDARD

Federal Rule of Civil Procedure 56(c) permits summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party bears the initial burden of illustrating for the court the absence of a genuine issue of material fact. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-61 (1970). The moving party can satisfy this burden by "pointing out to the district court that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 323-25.

Once the moving party has made a proper summary judgment motion, the burden switches to the nonmoving party. The nonmoving party "may not rest upon the mere allegations or denials of [his] pleading," Fed. R. Civ. P. 56(e) and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Rather, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial'"(Id. at 587 quoting Fed. R. Civ. P. 56(e) - emphasis in original). However, "the mere existence of some evidence in support of the non-moving party will not be sufficient to support a denial of a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the non-moving party on the issue." *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1308 (3d Cir. 1995); see also *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249-50 (1986) ("If the

3

evidence is merely colorable ... or is not significantly probative . . . summary judgment may be granted."). "[T]he [Plaintiff] must identify evidence of record sufficient to establish every element essential to the claim." *Petrucelli*, 46 F.3d at 1308.

IV.   ARGUMENT

        **Plaintiff Is Entitled To Judgment And An Order Compelling**
        **The County Of Montgomery To Participate In Arbitration**
        **Under The Collective Bargaining Agreement.**

From the Pleadings and attached Exhibits there is no genuine dispute of a material fact on the issue of whether the Plaintiff is entitled as a matter of law to compel Defendant Montgomery County to participate in Arbitration, as was agreed under a Collective Bargaining Agreement, for his termination and denied Heart and Lung benefits.

Under the Collective Bargaining Agreement the Plaintiff only could be terminated if there was good cause. If terminated, the Plaintiff could file a grievance and seek arbitration. Whether there is good cause or not cannot be determined from the undisputed facts. The Employer (Montgomery County) asserts in its Answer a legitimate business affirmative defense. However, the Answer is devoid of facts to support the defense. The Discharge letter is equally devoid of facts to identify a legitimate business defense and/or good cause. Thus, arbitration is proper and ripe.

In Rite Aid of Pennsylvania, Inc. v. United Food and Commercial Workers Union, Local 1776, **---** F.3d ----, 2010 WL 521102 (C.A.3 (Pa.),2010) the Third Circuit discussed the general principles a district court is to consider when examining an arbitration provision under a CBA. The Circuit said:

> "arbitration is still a creature of contract and a court cannot call for arbitration of matters outside of the scope of the arbitration clause." *Rohm and Haas Co.,* 522 F.3d at 332. Unless the parties clearly provide otherwise, the courts, not the arbitrators, are tasked

4

with interpreting agreements in order to determine whether the parties have indeed agreed to arbitrate disputes whose arbitrability is contested. *See AT & T Techs.,* 475 U.S. at 649, 651, 106 S.Ct. 1415; *Local 827 v. Verizon New Jersey, Inc.,* 458 F.3d 305, 309 (3d Cir.2006). In making that determination, a court is not to examine the potential merits of the claim sought to be arbitrated, except as we point out in Part IV, where the claim's merits and its arbitrability are inextricably intertwined. *See Lukens,* 989 F.2d at 672. Rather, the court is limited to the construction of the arbitration clause and any contractual provisions relevant to its scope, as well as any other "forceful evidence" suggesting that the parties intended to exclude the disputes at issue from arbitration. *See E.M. Diagnostic Sys., Inc. v. Local 169,* 812 F.2d 91, 95 (3d Cir.1987).

In <u>Nursing Home & Hosp. Union No. 434 AFL-CIO-LDIU by Mackson v. Sky Vue Terrace, Inc.</u>, 759 F.2d 1094 (3rd Cir. 1985) the Circuit affirmed the district court's order to compel the employer to arbitrate, "[b]ecause we find that the arbitration clause of the parties' agreement does cover the dispute in this case". Thus, Sky Vue was compelled "to arbitrate the union's grievances". Citing <u>United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582-83, 80 S.Ct. 1347, 1352-53, 4 L.Ed. 2d 1409 (1980)</u>. The Circuit also said:

> The law does not compel a party to submit a dispute to arbitration unless he has contractually agreed to do so. <u>Gateway Coal Co. v. United Mine Workers, 414 U.S. 368, 374, 94 S.Ct. 629, 635, 38 L.Ed.2d 583 (1974)</u>. Thus, the issue of arbitrability is "a matter to be determined by the courts on the basis of the contract entered into by the parties." <u>Atkinson v. Sinclair Refining Co., 370 U.S. 238, 241, 82 S.Ct. 1318, 1320, 8 L.Ed.2d 462 (1962)</u>; <u>Eberle Tanning Co. v. Section 63L, 682 F.2d 430, 433 (3d Cir.1982)</u>. Because of the strong federal policy in favor of arbitration, however, "[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." <u>United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582-83, 80 S.Ct. 1347, 1352-53, 4 L.Ed.2d 1409 (1960)</u>; <u>H.C. Lawton, Jr., Inc. v. Truck Drivers, Chauffeurs and Helpers Local Union No. 384, 755 F.2d 324, 328 (3d Cir.1985)</u>.

5

Here, it is undisputed that the Plaintiff's grievance over his termination by Montgomery County and denial of Heart and Lung benefits are covered under the CBA; thus, each grievance is arbitrable. The only reason an arbitration has not occurred is because Montgomery County "declines to participate". In short, Montgomery County intentionally breached the CBA provision to arbitrate. This it may not do under law.

If so, Plaintiff submits he is entitled as a matter of law to judgment and an injunctive order that compels Montgomery County to participate in arbitration on the issues of Plaintiff's termination and denial of Heart and Lung benefits.

## V.    CONCLUSION

For the undisputed facts, established law, and argument there-from, it is proper for the Court to grant Plaintiff the relief requested, viz enter judgment for the Plaintiff and against Montgomery County, and order Montgomery County to participate forthwith in arbitration on the Plaintiff's termination and denial of Heart and Lung benefits.


ECF SIGNATURE        BMP3198 /s/
                     *Brian M. Puricelli*
                     Brian M. Puricelli
                     Attorneys for Plaintiff

CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing document (Plaintiff's Motion for Partial Summary Judgment) has this 15th day of March, Monday, 2010, been caused to be filed electronically and is available for viewing and downloading on the ECF System: Served with the document by ECF and United States Postal System was/were:

> Joseph Santarone Jr., Esquire
> Christopher Boyle, Esquire
> 620 Freedom Business Center, Suite 300
> King of Prussia, PA 19406
> cpboyle@mdweg.com
> Attorneys for the Defendants

ECF SIGNATURE          BMP3198  /s/
                       *Brian M. Puricelli*
                       Brian M. Puricelli
                       Attorneys for Plaintiff

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REGINALD A. ROBERTS | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 09-4895 |
| | : | |
| RISA VETRI FERMAN, et al | : | |

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGEMENT
AND JUDGMENT ON THE PLEADINGS

Plaintiff, by and though his counsel, moves the Court pursuant to Rule 56 for partial summary judgment against the County of Montgomery, and Plaintiff says in support that for the facts provided in the Statement of Undisputed Facts, the supporting Exhibits provided, the Law cited, and the argument made there-from in the accompanying Memorandum of Law, that as a matter of law the Plaintiff is entitled to partial summary judgment and an order directing the County of Montgomery to participate under a Collective Bargaining Agreement in Arbitration on the issues of wrongful termination and entitlement to Heart and Lung benefits.

ECF SIGNATURE            BMP3198  /s/
                         *Brian M. Puricelli*
                         Brian M. Puricelli
                         Attorneys for Plaintiff