12

26/1454339.v1
**MARSHALL, DENNEHEY, WARNER,**
**COLEMAN & GOGGIN**
**BY:** Joseph J. Santarone, Jr., Esquire
ID# 45723
620 Freedom Business Center, Suite 300
King of Prussia, PA 19406
(610) 354-8282

---

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REGINALD ROBERTS | : Civil Action No: 09-4895 |
| | : |
| v. | : |
| RISA VETRI FERMAN, MONTGOMERY COUNTY, | : |
| JAMES MATTHEWS, JOSEPH HOEFFEL AND BRUCE | : |
| L. CASTOR, JR., OSCAR VANCE, JR., SAMUEL | : |
| GALLEN, STEPHEN FORZATO, EDMUND JUSTICE, | : |
| CAROLYN T. CARLUCCIO, MARK BERNSTIEL AND | : |
| TONI LUTER | : |

**DEFENDANTS, RISA VETRI FERMAN, MONTGOMERY COUNTY, OSCAR VANCE, JR., SAMUEL GALLEN, STEPHEN FORZATO, EDMUND JUSTICE AND MARK BERNSTIEL'S ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

**PARTIES**

1. Admitted, on information and belief.

2. Denied as stated. James Matthews, Joseph Hoeffel, Bruce Castor, Carolyn Carluccio and Tony Luter were dismissed by the Court's Order of February 22, 2010. It is admitted that the remaining Defendants are citizens of the United States, and of the Commonwealth of Pennsylvania.

3. Admitted only that Defendant Montgomery County is a governmental entity within the Commonwealth of Pennsylvania.

1

## JURISDICTION

4. It is admitted this Court has jurisdiction over this matter.

5. It is admitted that Plaintiff cross-filed with the PHRC and EEOC and that his Complaint was filed within 90 days of the determination of no probable cause, and issuance of Right to Sue letters.

## FACTS

6. Defendants incorporate by reference their responses to paragraphs 1-5 as if set forth here at length.

7. Admitted in part; denied in part. It is admitted that Plaintiff Reginald Roberts is an African American male over the age of 40. The remaining averments of this paragraph are denied both factually and as conclusions of law.

8. Admitted in part; denied in part. It is admitted that Plaintiff was employed as a County Detective in Montgomery County District Attorney's Office, and had been since 1999. It is denied that Plaintiff "had an exemplary record of public service to the residents of Montgomery County in the Commonwealth of Pennsylvania". Plaintiff's characterizations of his performance evaluations is vague and subjective, and therefore denied, with strict proof demanded at trial. Finally, it is admitted that Plaintiff "was entrusted with the responsibilities and duties commensurate with his position."

9. Denied as stated. It is admitted that a Memorandum was submitted by the Plaintiff regarding an incident that occurred in 2001. Lieutenant Kadelski was counseled and apologized to Detective Roberts. The incident was not malicious and, significantly, there were no further incidents, as Plaintiff is well aware. Further, it is denied that this incident amounts to "race discrimination" as alleged by Plaintiff.

2

10. Denied. As Plaintiff concedes in his pleading, "Plaintiff knows there is a two year statute of limitation for liability under Sec. 1983 from the date the complaint is filed in court. Equally Plaintiff knows there is a 300 day limitation period for the employment discrimination date that begin [sic] from the date of the agency charge. Events occurring outside the limitations period are background or where allowed or establish [sic] a theory if liability [sic] under the continuing violation theory as opposed to discrete acts." (Plaintiff's Amended Complaint at 10). As Plaintiff has conceded events occurring outside the two year statue of limitations are not actionable, Defendants object to and deny each of Plaintiff's averments at paragraph 10, and demand strict proof at trial, should it be found that such allegations are admissible in Plaintiff's case. By way of further response:

(a) Denied that Plaintiff had vacation days suspended as a result of reporting "racial slurring".

(b) Denied that Plaintiff had vacation time taken away for reporting an alleged racial slur.

(c) While it is admitted that Plaintiff was required to document his allegations, Plaintiffs unnecessary characterizations, are denied.

(d) Denied as stated. It is admitted that Plaintiff was required to document allegations of racial discrimination.

(e) Denied as stated. By way of further response, Plaintiff was allowed to complete his report in private. It is specifically denied that other employees were not required to document allegations of racial discrimination, if such allegations were made.

(f) Denied both factually and as conclusions of law.

(g) Denied both factually and as conclusions of law. Further, as Plaintiff is aware, he does not have a "black lung work related injury", as he never worked in a coal mine.

(h) Denied both factually and as conclusions of law.

11. Admitted in part; denied in part. It is admitted that, during the course of his employment, Plaintiff reported respiratory illness. Plaintiff's averments that Defendants took no remedial action regarding his "work environment" are specifically denied. Further, as Plaintiff is aware, Defendant has sought to resolve his Heart & Lung claim.

12. Admitted that Stephen Forzato was promoted to Lieutenant and was Plaintiff's immediate supervisor. The remaining averments of this paragraph are denied both factually and as conclusions of law.

13. Admitted that Plaintiff filed a Complaint with the Pennsylvania Human Relations Commission which was cross-filed with the EEOC. Responding Defendants do not understand the last sentence of paragraph 13.

14. Denied both factually and conclusions of law.

15. Admitted that on or about January, 2008 Plaintiff Roberts reported respiratory illnesses. Further, Defendants have, and continue, to attempt to resolve Plaintiff's Heart & Lung claim. The remaining averments and characterizations are denied.

16. Denied as stated. It is admitted only that Plaintiff sought Heart & Lung benefits. The remaining averments and characterizations are denied.

17. As this paragraph is directed to parties that have been dismissed, no response is required.

18. Denied. Defendants have, and continue, to attempt to settle Plaintiff's Heart & Lung claim. Further, it is specifically denied that Defendants have conditioned Heart & Lung benefits on an agreement not to sue. To the contrary, an agreement was reached with both of Plaintiff's former attorneys that no such condition existed.

19. Denied both factually and as conclusions of law.

20. Denied as stated. It is admitted that Plaintiff photographed the interior and parts of the exterior of the confidential location of the Montgomery County Detectives NET house. Plaintiff's averments of a "detailed complaint" are denied. Defendants were not provided copies of what was photographed although, apparently, the public was.

21. Denied both factually and as conclusions of law.

22. Denied as stated. It is specifically denied that Defendants engaged in any discriminatory behavior, or behavior in violation of the Collective Bargaining Agreement.

23. Admitted.

24. As the averments of paragraphs 24 are directed to dismissed Defendants, no response is required.

25. Denied as stated.

26. Denied.

27. Denied both factually and as conclusions of law.

28. Denied as stated. It is admitted that Plaintiff was interviewed regarding his allegations of race discrimination and racially offensive material in the workplace. The remaining averments of this paragraph, and Plaintiff's characterizations of events, are specifically denied.

29. The averments of this paragraphs refer to a June 30, 2008 correspondence, a writing which speaks for itself. No response is therefore required.

30. Denied both factually and as conclusions of law. Further, to the extent the Plaintiff attempts to assert the "Brady rights" of other than the Plaintiff himself, a claim for which he lacks standing, no response is required.

31. The averments of paragraph 31 refer to a writing, which speaks for itself. Plaintiff's characterizations of the writing, are specifically denied.

32. Admitted that a Fact-Finding conference was held in August of 2008, and testimony was taken. Further, it is admitted that, thereafter, in August of 2008, Plaintiff was terminated from his employment, for legitimate, non-discriminatory reasons.

33. Denied both factually and as conclusions of law.

34. After reasonable investigation, Defendants are without information sufficient to form a belief as to Plaintiff's claim of damages, and therefore deny same, and demand strict proof at trial. Further, to the extent Plaintiff refers to factual averments "not cited", Defendants cannot formulate an answer, given Plaintiff's failure to adequately plead.

35. Denied as conclusions of law.

36. Denied.

## COUNT I

37. Defendants incorporate by reference their responses to paragraphs 1-36 as if set forth here at length.

38. Admitted that Plaintiff is a member of a protected class. The remaining averments are denied both factually and as conclusions of law.

39. Denied as conclusions of law.

40. Denied as conclusion of law.

Further, it is denied that Plaintiff is entitled to the relief specified in his prayer for damages.

## COUNT II

41. Defendants incorporate by reference their responses to paragraphs 1-40 as if set forth here at length.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

## COUNT III

46. Defendants incorporate by reference their responses to paragraphs 1-45 as if set forth here at length.

47. Denied.

48. Denied.

## COUNT IV

49. Defendants incorporate by reference their responses to paragraphs 1-48 as if set forth here at length.

50. Denied.

51. Denied.

## COUNT V

52. Defendants incorporate by reference their responses to paragraphs 1-51 as if set forth here at length.

53. Denied.

54. Denied.

55. Denied.

Case 2:09-cv-04895-LFR   Document 16-6   Filed 03/16/10   Page 9 of 11
Case 2:09-cv-04895-TJS   Document 15   Filed 03/10/10   Page 8 of 10

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's Amended Complaint fails to state a cause of action upon which relief can be granted.

2. To the extent the allegations contained in Plaintiff's Amended Complaint are barred by the applicable statute of limitations, Defendants claim same.

3. To the extent the dismissal of Defendants Matthews, Hoeffel, Castor, Carluccio and Luter are a bar to some or all of Plaintiff's claims, Defendants claim same.

4. Defendants assert all immunities under both statutory and common law, to which they are or may be entitled.

5. To the extent Plaintiff has failed to exhaust his administrative remedies, Defendants claim same as a defense.

6. Defendants' actions with the respect to the Plaintiff were based on reasonable, legitimate and nondiscriminatory factors.

7. Any employment decision pertaining to the Plaintiff was based upon business necessity.

8. Responding Defendants' conduct was objectively reasonable under all of the circumstances.

9. To the extent Plaintiff's claims are barred and/or limited pursuant to after acquired evidence, Defendants claim same.

10. Actions of the Defendants were protected by conditional privilege.

11. Responding Defendants incorporate by reference all defenses available pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 (e) et seq.

8

12. To the extent all or some of Plaintiff's claims are barred by the Worker's Compensation Act, Defendant claims same as defense.

13. To the extent all or some of Plaintiff's claims are barred or limited pursuant to the Heart & Lung Act, Defendants claim same.

14. To the extent Plaintiff's claims are barred and/or limited by a Collective Bargaining Agreement, Defendants claim same as a defense.

15. Defendants reserve the right to raise all defenses regarding claims for damages, including, failure to mitigate and the defense if the action would have taken place with respect to the Plaintiff, even if Plaintiff did not have a legally protected status.

16. Plaintiff's Amended Complaint fails to state a cause of action for punitive damages.

17. To the extent Plaintiff's claims are barred or limited pursuant to Federal or State statute or common law, Defendants claim same.

WHEREFORE, Responding Defendants, request this Honorable Court dismiss Plaintiff's Amended Complaint, and award costs and fees in favor of Defendants.

            MARSHALL, DENNEHEY, WARNER,
            COLEMAN & GOGGIN


BY: s/Joseph J. Santarone, Jr.
   JOSEPH J. SANTARONE, JR., ESQUIRE
   ID# PA45723
   620 Freedom Business Center, Suite 300
   King of Prussia, PA 19406
   (610) 354-8282 Fax (610) 354-8299
   Email: jjsantarone@mdwcg.com
   Attorney for Defendants

DATE: 3/10/10

9

26/1454339.v1
**MARSHALL, DENNEHEY, WARNER,**
**COLEMAN & GOGGIN**
BY: Joseph J. Santarone, Jr., Esquire
ID# 45723
620 Freedom Business Center, Suite 300
King of Prussia, PA 19406
(610) 354-8282

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REGINALD ROBERTS | : Civil Action No: 09-4895 |
| v. | : |
| RISA VETRI FERMAN, MONTGOMERY COUNTY, JAMES MATTHEWS, JOSEPH HOEFFEL AND BRUCE L. CASTOR, JR., OSCAR VANCE, JR., SAMUEL GALLEN, STEPHEN FORZATO, EDMUND JUSTICE, CAROLYN T. CARLUCCIO, MARK BERNSTIEL AND TONI LUTER | : : : : : |

### CERTIFICATE OF SERVICE

I, JOSEPH J. SANTARONE, JR., ESQUIRE, do hereby certify that a true and correct copy of Defendants' Answer with Affirmative Defenses to Plaintiff's Amended Complaint, was electronically filed with the Court on March 10, 2010 and is available for viewing and downloading from the ECF System. All counsel of record was served via electronic notification.

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

BY: s/Joseph J. Santarone, Jr.
JOSEPH J. SANTARONE, JR., ESQUIRE
ID# PA45723
620 Freedom Business Center, Suite 300
King of Prussia, PA 19406
(610) 354-8282 Fax (610) 354-8299
Email: jjsantarone@mdwcg.com
Attorney for Defendants

1