UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REGINALD A. ROBERTS | : | CIVIL ACTION |
| | : | |
| PLAINTIFF | : | |
| V. | : | NO. 09-4895 |
| | : | |
| RISA VETRI FERMAN, et al. | : | |

**PLAINTIFF'S FIRST MOTION TO COMPEL OR IN THE ALTERNATIVE**
**ENFORCE SUBPOENA**

Plaintiff, by and though his counsel, Brian Puricelli, Esquire moves the Court pursuant to its inherent powers and Rule 45 and 37 for an order that compels CompService Inc., and adjuster Ellen Losse to obey the subpoena and produce documents. In support the Plaintiff says:

1.      This is a Section 1983 Action that asserts various causes of Action. One of which concerns a denial of Heart and Lung and workers Compensation stated provided wage and medical benefits without valid or adequate due process of law.

2.      The entity and person administering the Heart and Lung and Workers Compensation Act benefits for Defendant Montgomery county is CompServices Inc.

3.      To investigate, approve or deny a Heart and Lung and/or Workers Compensation claim, CompServices Inc., must communicate in person, by phone, email and in writing with persons from Defendant Montgomery County.

4.      Plaintiff's counsel has been doing Heart and Lung and Workers Compensation Act litigation for 19 years. In the same 19 years he has become experienced with the claims process used by CompServices Inc. Through that experience it has been learned that CompServices maintains a running computer history of events concerning a claim, from the moment the claim is made to when it is eventually closed. The history has been ordered turned over to Plaintiff's counsel

by Worker Compensation Judges. The data bank is often described as an adjuster computer diary. The diary will contain the names of all persons the adjuster spoke with about the claim, what instructions and information was received or disseminated about the investigation of the claim, and why the claim was denied or approved.

5. On or about March 19, 2010 Plaintiff served a subpoena on CompService Inc. Served with the subpoena was a day's witness fee and travel expenses. The subpoena required the witness or records custodian to appear on March 31, 2010 for a records deposition and to bring all electronic and paper records for the claim made by Reginald A. Roberts. Specifically to be brought was the adjuster computer diary of the claim. See Exhibit "A".

6. On or about March 19, 2010 CompService adjuster Ms. Ellen Losse telephoned Plaintiff's counsel about the subpoena, and asked counsel if it was sufficient to just send the records. The request was approved on the condition all records and the diary were provided, along with a Records Custodian Certification.

7. To date, CompServices has not provided the computer diary for the Reginald Robert's Workers Compensation and/or Heart and Lung claim. Equally, no Records Custodian Certification asserting all records on the claim were provided to Plaintiff's counsel, and no one from CompServices appeared at the records deposition.

8. The hallmark standard for what may be discovered is such, all relevant evidence can be discovered, unless privileged (Rule 26) and a party may conduct discovery that is reasonably calculated to lead to admissible evidence. See, <u>In re Gateway Engineers, Inc</u>., Slip Copy, 2009 WL 3296625 (W.D.Pa.,2009), whereas the Court denied a motion to quash a subpoena on the rational that, Movant ha[d] failed to show specifically how the information requested is not relevant." The Court then said: "The Court is persuaded that the documents sought in the subpoena appear to be

relevant to the subject matter involved in the Action and/or are reasonably calculated to lead to the discovery of admissible evidence. [Therefore,] [b]ased on the foregoing, . . . the MOTION TO QUASH SUBPOENA filed by Movant (Doc. No. 1) is DENIED."

9. The diary record is relevant to the due process claim. It is submitted the diary will reasonably lead to admissible evidence. For example, the diary may lead to witnesses and documents that concern the due process claim and will show who in Montgomery County said what and when, about the claim, why it was denied, who decided to deny it, and when the decisions were made. The diary may lead to witnesses who can and should be deposed on the reason the Heart and Lung claim was not paid; particularly, in light of the Defendant County's reply to Plaintiff partial motion for summary judgment to order arbitration, for in that response (Document #22 page 2 of the Memorandum, paragraph 3) the County concedes and make the admission that the Plaintiff is entitled to these benefits, saying: "Defendant does not dispute that Plaintiff is entitled to Heart and Lung benefits . . .".

WHEREFORE, Plaintiff moves for an order to compel CompServices Inc, its record Custodian and/or adjuster Ms. Ellen Losse to appear for a records deposition or to turn over to the Plaintiff in ten (10) days a true and correct copy of the computer entries (The adjuster's diary) in its original form and printed copy, with a signed records Custodian Certification, the Reginald A Roberts Heart and Lung and Worker Compensation claim that was denied by CompServices on or about January 31, 2008 under claim # 330-108-2439.

ECF SIGNATURE    BMP3198                    /s/
                 *Brian M. Puricelli*
                 Brian M. Puricelli
                 Attorneys for Plaintiff

CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing Motion has this 4th day of May, 2010, been filed electronically and is available for viewing and downloading on the ECF System: Served with the document by ECF were:

>Joseph Santarone Jr., Esquire
>Christopher Boyle, Esquire
>620 Freedom Business Center, Suite 300
>King of Prussia, PA 19406

ECF SIGNATURE     BMP3198                              /s/
                  *Brian M. Puricelli*
                  Brian M. Puricelli
                  Attorneys for Plaintiff

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REGINALD A. ROBERTS | : | CIVIL ACTION |
| | : | |
| PLAINTIFF | : | |
| V. | : | NO. 09-4895 |
| | : | |
| RISA VETRI FERMAN, et al. | : | |

ORDER

     AND NOW, this       day of May, 2010, upon consideration of the Plaintiff's Motion To Compel And Enforce Subpoena, and the reply thereto, if any, IT IS ORDERED that the motion is GRANTED and CompServices Inc, its Record Custodian and/or adjuster Ms. Ellen Losse shall appear for a records deposition at a time or place set by the Plaintiff, and shall turn over to the Plaintiff a true and correct copy of the computer entries (The adjuster's diary) in its original form and a printed copy, for the Reginald A. Roberts Heart and Lung and Worker Compensation claim that was denied by CompServices on or about January 31, 2008 under claim # 330-108-2439.

     In the alternative, within Ten (10) days of the date this order is entered and served on ComServices Inc., CompServices Inc., its Record Custodian and/or adjuster Ellen Losse, may at the Plaintiff's discretion provide to Plaintiff's counsel, Brian M. Puricelli, at his office located at 691 Washington Crossing Rd. Newtown Pennsylvania, a true and correct copy of the computer diary in printed and original form, on a disk, CD or DVD medium that is readable to the Plaintiff, along with an originally signed Records Custodian Certification.

     Should CompServices Inc, the Records Custodian and/or adjuster Ellen Loss, fail to obey this Order in its entirety, the Court may issue sanction which may include incarceration, fine, costs and reasonable attorney fees to the Plaintiff, and enter an order for willful contempt of the court's Order.

     BY THE COURT:

_____
L. Felipe Restrepo     M.J