IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **REGINALD A. ROBERTS** | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **RISA VETRI FERMAN, et al.** | : | |
| Defendants. | : | NO. 09-4895 |

**MEMORANDUM**

**AND NOW**, this 16th day of September, 2011, having considered Defendants' Motion to Bifurcate or in the Alternative Disqualify Plaintiff's Counsel (Doc. 137) (hereinafter "Defs.' Mot."), Plaintiff's Opposition to the Defendants' Motion to Bifurcate the Trial or in the Alternative for Disqualification of Plaintiff's Counsel with a Cross Motion for Sanctions Against Attorney Gonzales and Christopher Boyle and to Disqualify Attorney Gonzales (Doc. 141) (hereinafter "Pl.'s Resp."), and Defendants' Omnibus Response/Reply to Plaintiff's Response in Opposition to Defendants' Motion to Re-Open Discovery (#140), Response in Opposition to Motion for Sanctions (#141) and 'Reply to Response in Opposition re: 131 Motion for Reconsideration' (#143) (Doc. 145) (hereinafter "Defs.' Reply"),[1] the Court finds as follows:

---

[1] In this Memorandum and accompanying Order, the Court considers Defendants Omnibus Response/Reply to the extent that it relates to the issues of bifurcation and disqualification of Plaintiff's counsel.

A.    BACKGROUND[2]

Plaintiff, Reginald Roberts, filed this civil action on October 23, 2009, against Defendants, Montgomery County and a number of County employees, alleging race discrimination and retaliation in violation of Title VII of the Civil Rights Act and the Pennsylvania Human Relations Act. Plaintiff also alleged violations of his federal civil rights under 42 U.S.C. § 1983. Discovery closed on February 28, 2011, pursuant to an amended scheduling order. (Doc. 87.)

On May 4, 2011, Plaintiff moved to disqualify Defendants' counsel. (Doc. 122.) Plaintiff argued that counsel for Defendants, Christopher Boyle, Esq., Martin Coleman, Esq., and Joseph Santarone, Esq., had engaged in conduct that rendered them material witnesses. On July 20, 2011, after full briefing, this Court granted in part and denied in part Plaintiff's motion. (Doc. 130.) In its Order on Plaintiff's Motion to Disqualify Defendants' Counsel, dated July 20, 2011 (hereinafter "July 20 Order"), this Court found that "the testimony of Mr. Boyle, Mr. Coleman, and Mr. Santarone is likely to be necessary to prove some of the allegations listed in Plaintiff's First Amended Complaint," for example, Mr. Boyle, Mr. Coleman, and Mr. Santarone "are likely to have information not available through other witnesses regarding the calculation and provision of Heart and Lung Act benefits to Plaintiff." (July 20 Order at 6.) Therefore, this Court disqualified Mr. Boyle, Mr. Coleman, and Mr. Santarone from acting as advocates *at trial*. (Id.) The Court emphasized, however, that Mr. Boyle, Mr. Coleman, and Mr. Santarone could

---

[2] A more detailed review of the facts of this case is provided in the Court's Memorandum and Order on Defendants' Motion for Summary Judgment and Plaintiff's Motion for Partial Summary Judgment (Doc. 127), and in the interest of judicial economy, will not be reiterated here.

continue to represent the Defendants, and declined to grant Plaintiff's request to disqualify the entire firm of Marshall, Dennehey, Warner, Coleman & Goggin (hereinafter, "Marshall Dennehey"). (Id. at 7.)

B.   DISCUSSION

The power of this Court to disqualify an attorney derives from the Court's inherent authority to supervise the professional conduct of attorneys appearing before it. United States v. Miller, 624 F.2d 1198, 1201 (3d Cir. 1980). The Third Circuit has stated that a district court, when exercising its discretionary power:

> should disqualify an attorney only when it determines, on the facts of the particular case, that disqualification is an appropriate means of enforcing the applicable disciplinary rule. It should consider the ends that the disciplinary rule is designed to serve and any countervailing policies, such as permitting a litigant to retain the counsel of his choice and enabling attorneys to practice without excessive restrictions.

Miller, 624 F.2d at 1201.

As noted above, when deciding motions for disqualification, courts "must strike a delicate balance between [] competing considerations," which include "the unfettered practice of law, maintaining the integrity of the legal profession . . . the plaintiff's right to retain counsel of his or her choice [and] the opposing party's right to prepare and try a case without prejudice." Dombrowski v. Governor Mifflin Sch. Dist., No. 11-1278, 2011 WL 1884019, at *2 (E.D. Pa. May 16, 2011) (internal quotations and citations omitted), adopted by 2011 WL 1898231 (E.D. Pa. May 17, 2011).

The party moving for disqualification of opposing counsel bears the burden to clearly show that continued representation would be impermissible. Stolp v. Sollas Corp., No. 96-0723,

1997 WL 83750, at *9 (E.D. Pa. Feb. 21, 1997) (citing Cohen v. Oasin, 844 F. Supp. 1065, 1067 (E.D. Pa. 1994)).

In this district, courts apply the Pennsylvania Rules of Professional Conduct. Local R. Civ. P. 83.6 (Rule IV(B)) (2011). A court may disqualify counsel "if it determines on the facts of the particular case, that disqualification is an appropriate means of enforcing the applicable disciplinary rule, given the ends the disciplinary rule is designed to serve." Dombrowski, 2011 WL 1884019, at *3 (internal quotations and citations omitted).

Here, Defendants argue that the actions of Plaintiff's counsel, Brian Puricelli, Esq., render him a necessary witness in this case. (Defs.' Mot. 6, 15.) Defendants rely on the same authority applicable to Plaintiff's Motion to Disqualify, namely, Rule 3.7 of the Pennsylvania Rules of Professional Conduct. (Id. at 15.) Rule 3.7 of the Pennsylvania Rules of Professional Conduct provides:

> **Rule 3.7 Lawyer as Witness**
>
> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
> > (1) the testimony relates to an uncontested issue;
> >
> > (2) the testimony relates to the nature and value of legal services rendered in the case; or
> >
> > (3) disqualification of the lawyer would work substantial hardship on the client.
>
> (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

A witness will be deemed "necessary" when that witness "has crucial information in his

possession, which must be divulged," see AAMCO Transmissions, Inc. v. Baker, No. 06-05252, 2008 WL 5272781, at *2 (E.D. Pa. Dec. 18, 2008), and when that information is relevant and not protected by privilege, see W. Lewis Frame n Door, Inc. v. C & C Const. & Rehab. Specialist, Inc., No. 98-1281, 1999 WL 79502, at *1 (E.D. Pa. Feb. 4, 1999). Where the information possessed by a witness is cumulative or can be obtained elsewhere, a court will not consider that evidence to be "necessary." AAMCO, 2008 WL 5272781, at *2.

Defendants argue that Mr. Puricelli has engaged in conduct that renders him a material witness (Defs.' Mot. 6, 15), namely, that Mr. Puricelli was "actively involved in the resolution of [Plaintiff's Heart and Lung benefits] claims" (Defs.' Reply 5). Defendants seek Mr. Puricelli's testimony to support their allegations that Mr. Puricelli thwarted Defendants efforts to settle Plaintiff's Heart and Lung claim by refusing to resolve the claim "in any fashion" until Defendants settled a "Black Lung claim," a Worker's Compensation claim, and admitted liability in this matter. (Defs.' Reply 6.) Defendants contend that a defense to Plaintiff's claims regarding the payment of Heart and Lung benefits includes evidence that Mr. Puricelli:

> demanded settlement of a "Black Lung" claim rather than a Heart and Lung claim; insisted on a global settlement of several claims as a condition precedent to resolving the Heart and Lung claim; refused to provide any calculations of the amount owed; and failed to participate in the settlement process in good faith.

(Defs.' Mot. 6.) This evidence, Defendants argue, is necessary to rebut Plaintiff's argument that any delay in the payment of Heart and Lung benefits was due to discrimination or retaliation on the part of Defendants or misconduct on the part of defense counsel. (Defs.' Reply 6.)

Defendants argue that disqualification of Mr. Puricelli will not cause undue hardship to the Plaintiff because Mr. Puricelli had sufficient notice that he would be a necessary witness if

5

the Heart and Lung claim did not settle. (Defs.' Mot. 16.) Finally, Defendants do not seek to disqualify Mr. Puricelli from representing Plaintiff, but rather as serving as an advocate at trial, and point out that another attorney at Mr. Puricelli's firm may represent the Plaintiff at trial. (Id.)

Plaintiff makes several arguments in opposition to the disqualification of Mr. Puricelli.[3] First, Plaintiff argues that Mr. Puricelli "was not involved in pre-lawsuit activity," including the agency decision regarding the provision of Heart and Lung benefits, or the events that led to Plaintiff's termination. (Pl.'s Resp. 9-10.) Thus, Plaintiff contends that Mr. Puricelli is not a necessary witness in this case. (Id.) Plaintiff also argues that Defendants seek disqualification of Mr. Puricelli in retaliation for the disqualification of Mr. Boyle, Mr. Coleman, and Mr. Santarone. (Id. at 7.) Notably, Plaintiff does *not* argue that disqualification of Mr. Puricelli would cause Plaintiff undue burden or substantial hardship.

In an abundance of caution, with no suggestion whatsoever of impropriety or fraud on the part of Plaintiff's counsel, the Court finds that the testimony of Mr. Puricelli is likely to be necessary to defend against the claims remaining in this case. For example, as Defendants point out (see Defs.' Reply 5-6), Mr. Puricelli is likely to have information not available through other witnesses regarding the provision Heart and Lung Act benefits to Plaintiff.[4] Mr. Puricelli is

---

[3] One of the arguments that Plaintiff makes in opposition to the disqualification of Mr. Puricelli is that Defendants' reasoning would require recusal of the Judge in this matter. (Pl.'s Resp. 9) To the extent Plaintiff intends to move for the recusal of Judge Restrepo, he must do so in accordance with Federal Rule of Civil Procedure 7 and Local Rule of Civil Procedure 7.1.

[4] The Court cautions, however, that the parties will still be bound by Federal Rule of Evidence 408 pertaining to the admissibility of evidence of settlement offers.

therefore disqualified from acting as an advocate *at trial*.[5]  However, Rule 3.7 of Pennsylvania's Rules of Professional Conduct does not prohibit an attorney from continuing to *represent* a client in cases where the attorney may be called as a necessary witness; rather, the rule simply prevents the attorney from acting as an advocate *at trial* in such a case.  See, e.g., Caplan v. Braverman, 876 F. Supp. 710, 711 (E.D. Pa. 1995).  Accordingly, Mr. Puricelli may participate in any further pre-trial matters and any post-trial matters on behalf of Plaintiff, and he may continue to use his knowledge of the facts and background of the case to direct preparation and strategy prior to the actual date of trial.  The Court will provide Plaintiff and Mr. Puricelli adequate time to select new counsel and prepare for trial, so as not to work a substantial hardship on Plaintiff in this case.  See Stolp, 1997 WL 83750, at *11.

      An implementing Order follows.

---

[5] Mr. Puricelli shall not sit at Plaintiff's counsel table or otherwise direct Plaintiff's counsel while in the presence of the jury during trial of this matter.